UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:  0:17-cv-61601

EMPIRE ART DIRECT, LLC,

       Plaintiff,

v.

CRYSTAL ART OF FLORIDA, INC,
MASTERPIECE ART GALLERY, INC., E2
CONCEPTS, INC., and CHRISTOPHER
LAFONT,

       Defendants.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff EMPIRE ART DIRECT, LLC by and through its undersigned counsel, brings this Complaint against Defendants CRYSTAL ART OF FLORIDA, INC., MASTERPIECE ART GALLERY, INC., E2 CONCEPTS, INC. and CHRISTOPHER LAFONT for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1.    Plaintiff EMPIRE ART DIRECT, LLC brings this action for violations of exclusive rights under the Copyright Act to copy, distribute, and make derivative works of copyrighted works owned by Empire in violation of Empire's exclusive rights under 17 U.S.C. § 106.

2.    Empire alleges that Crystal Art of Florida, Inc., Masterpiece Art Gallery, Inc., E2 Concepts, Inc., and Christopher LaFont copied Empire's copyrighted works, made derivative

works of Empire's copyrighted works, and distributed Empire's copyrighted works for purposes of selling those works at a profit.

3.       In addition, Empire alleges that Crystal Art of Florida, Inc., Masterpiece Art Gallery, Inc., E2, and Christopher LaFont copied Empire's copyrighted works, made derivative works of Empire's copyrighted works, and distributed Empire's copyrighted works on the Internet, at trade shows, in print, and elsewhere, for purposes of advertising, marketing and promote their business activities for purposes of advertising and promoting sales to the public in the course and scope of the Defendants' business.

## JURISDICTION AND VENUE

4.       This is an action arising under the Copyright Act, 17 U.S.C. § 501.

5.       This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

6.       Defendants are subject to personal jurisdiction in Florida Defendant because they have conducted business in the state of Florida.  Specifically, this Court has jurisdiction over the defendants because they conducted business in the state of Florida, advertised in the state of Florida, shipped products into the state of Florida, and caused injury to Empire in the state of Florida as a result of the acts alleged herein. Defendants operate, conduct, engage in, or carry on business within this state, judicial district and division, and/or have offices or agencies within this state, judicial district and division, purposefully availed themselves of the privilege of doing business in the state of Florida, and have specific contacts to this District through their business in Florida.

7.       Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in

infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## PARTIES

8. Plaintiff EMPIRE ART DIRECT, LLC ("EMPIRE") is Florida limited liability company with its principal place of business in Broward County, Florida in this district.

9. Defendant CRYSTAL ART OF FLORIDA, INC., ("Crystal") is Florida corporation with its principal place of business principal place of business in Broward County, Florida in this district at 11555 Heron Bay Blvd., Suite 200, Coral Springs, FL 33076.

10. Defendant MASTERPIECE ART GALLERY, INC. ("Masterpiece") is a California corporation with its principal place of business at 4950 S. Santa Fe Avenue, Vernon, CA 90058.

11. Defendant E2 CONCEPTS, INC. ("E2") is a California corporation with its principal place of business at 2045 Huntington Drive, Suite B, South Pasadena, CA 90103.

12. CHRISTOPHER LAFONT ("LaFont") is an individual who resides or can be located at 35 N. Raymond Ave #201, Pasadena CA 91103.

## THE COPYRIGHTED WORKS AT ISSUE

13. Empire is in the business of manufacturing and distributing wall art and home furnishings. Empire creates new visions of alternative wall art, occasional furniture, and accessories, all in unexpected mediums from some of the most innovative artists in the world at affordable price points.

14. Empire is the owner by assignment of all rights to a collection of certain original works of authorship in three dimensional artworks generally described as "collages" taken from pre-existing material, and selected, arranged and coordinated into unique, artistically expressive images, which are generally referred to herein as the "Works".

15. The Works are numerous and are listed on Exhibit 1 annexed hereto.

16. By way of example, the Works include "French Bulldog," an original work of authorship shown below.



**French Bulldog Reg No. VA 1-917-826**

17. Empire registered the Works at issue in this case and received registration certificates for the Works. The registration numbers associated with the Works are listed in Exhibit 1.

18. At all relevant times Empire was the owner of the copyrighted Works at issue in this case.

## INFRINGEMENT BY DEFENDANTS

19. The Defendants have never been licensed to copy, distribute, or make derivative works of the Works at issue in this case for any purpose.

20. On a date after the Works at issue in this action were created, but prior to the filing of this action, and without Empire's permission, Defendants copied the Works, made

derivative works of the Works, and distributed the Works in violation of Empire's exclusive rights.

21. An example of a copy and derivative work of Empire's Works made by defendants is shown below.



**French Bulldog copy sold at Home Goods**

22. After defendants copied the Works, made derivative works of the Works, and distributed the Works, defendants made further copies and distributed the Works on the internet, at trade shows, and in print advertising to promote the sale of their goods.

23. Defendants copied and distributed Empire's copyrighted Works in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products.

24. Empire's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

25. Defendants committed copyright infringement of the Works as shown in Exhibit 1.

26. Empire never gave Defendants permission or authority to copy, distribute or display the Works at issue in this case.

27. Plaintiff has engaged the undersigned attorneys and has agreed to pay them a reasonable fee.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS

28. Plaintiff incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Empire owns valid copyrights in the Works at issue in this case.

30. Empire registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

31. Defendants copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without Empire's authorization in violation of 17 U.S.C. § 501.

32. Defendants performed the acts alleged in the course and scope of their business activities.

33. Empire has been damaged.

34. The harm caused to Empire has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT AGAINST LAFONT

35. Plaintiff incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

36. Empire owns valid copyrights in the Works at issue in this case.

37. Empire registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

38. Defendant LaFont directed and/or solicited Crystal, Masterpiece and E2 to copy, display, and distribute the Works at issue in this case and make derivatives of the Works without Empire's authorization in violation of 17 U.S.C. § 501.

39. Defendant LaFont profited from the infringing acts of Crystal, Masterpiece and E2 while exercising the right and ability to stop said acts.

40. Empire has been damaged.

41. The harm caused to Empire has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendants that:

a. Defendants and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendants be required to pay Plaintiff its actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

c. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon; and

d. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: August 10, 2017                    Respectfully submitted,

                                          */s/ Joel B. Rothman*
                                          JOEL B. ROTHMAN
                                          Florida Bar Number: 98220
                                          joel.rothman@sriplaw.com


                                          **SCHNEIDER ROTHMAN INTELLECTUAL
                                          PROPERTY LAW GROUP, PLLC**
                                          4651 North Federal Highway
                                          Boca Raton, FL  33431
                                          561.404.4350 – Telephone
                                          561.404.4353 – Facsimile

                                          *Attorneys for Plaintiff Empire Art Direct, LLC*