EMPIRE ART DIRECT, LLC,

    Plaintiff,

v.

CRYSTAL ART OF FLORIDA, INC.,
*et al.*

    Defendants.

_____/

## ORDER ON MOTION TO COMPEL

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel, ECF No. [33] ("Motion"), wherein Plaintiff seeks to compel better responses to its First Request for Production, ECF No. [33-2] ("Request for Production"), from Defendants Masterpiece Art Gallery, Inc., E2 Concepts, Inc., and Christopher LaFont (collectively "Defendants"). Defendants filed detailed Responses and Objections to the Request for Production, *see* ECF No. [33-3] ("Response to Request for Production"), and a Response in Opposition to Plaintiff's Motion to Compel, s*ee* ECF No. [38] ("Response"). The Court has carefully reviewed the parties supporting and opposing submissions, the discovery requests, responses, and objections, and the case law cited therein.

The Court begins its analysis with the six "Specific Objections" incorporated into every Request for Production, with the exception of Number 11.[1] Defendants' Specific Objections numbered 1, 2, 3, and 5 essentially challenge Plaintiff's right to obtain any jurisdictional

---

[1] Defendants also included "General Objections," but Defendants' Response states that such objections have since been withdrawn and no documents have been withheld on the basis of the "General Objections." *See* ECF No. [38] at 2-3, n. 3.

discovery to oppose Plaintiff's Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss"). *See* ECF No. [33-3]. More specifically, these objections argue that Plaintiff has not met its *prima facie* burden to establish personal jurisdiction over Defendants (Specific Objection Number 1); Plaintiff has not shifted the burden to Defendants to contest the existence of personal jurisdiction (Specific Objection Number 2); the discovery is not "tethered" to a claim for general or specific jurisdiction over the Defendants (Specific Objection Number 3); and Defendants' declarations sufficiently address Plaintiffs' requests; therefore, no further discovery is needed (Specific Objection Number 5). This Court already authorized Plaintiff to propound jurisdictional discovery for the purpose of responding to Defendants' Motion to Dismiss. *See* ECF No. [24]. Notwithstanding this Order, Defendants continue to argue in their objections and their Response that Plaintiff is not entitled to any jurisdictional discovery. In support of their position, they argue that the Eleventh Circuit's decision in *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731 (11th Cir. 1982), upon which this Court relied in allowing jurisdictional discovery, has been distinguished on similar facts to the instant case.[2] However, the Court's review of the cases upon which Defendants rely leads it to conclude otherwise. None of those decisions involved a proactive request for jurisdictional discovery within days of the filing of a Motion to Dismiss, such as the case here. *See Hinkle v. Cont'l Motors, Inc.*, No. 8:16-CV-2966-T-36MAP, 2017 WL 3333120, at *10 (M.D. Fla. July 21, 2017) ("Plaintiffs did not move for leave to seek jurisdictional discovery, so the request for that particular relief is procedurally flawed."); *Mother Doe I v. Al Maktoum*, 632 F. Supp. 2d 1130, 1146 (S.D. Fla. 2007) ("Plaintiffs in this suit have undertaken no effort to engage in limited jurisdictional discovery, notwithstanding their

---

[2] Defendants' Response points out that the Court granted Plaintiff's motion seeking jurisdictional discovery nineteen hours after it was filed and before they could file any response. However, Defendants never sought reconsideration of the Court's Order and instead chose to lodge objections to jurisdictional discovery. In any event, the Court finds that limited jurisdictional discovery is appropriate under the circumstances.

awareness that Defendants intended to vigorously oppose the exercise of jurisdiction over them."); *Instabook Corp. v. Instantpublisher.com*, 469 F. Supp. 2d 1120, 1127 (M.D. Fla. 2006) (emphasis added) ("*In its opposition memorandum*, Plaintiff—though maintaining that the jurisdictional allegations in the Amended Complaint are sufficient to support personal jurisdiction—requests that it be permitted to conduct jurisdictional discovery in the event that the Court finds otherwise.").

In this case, Plaintiff propounded the Request for Production at issue eight days after the Motion to Dismiss was filed and requested leave to propound the jurisdictional discovery six days after that, which this Court granted. *See* ECF Nos. [33-2] and [22]. Courts within the Eleventh Circuit often allow limited jurisdictional discovery under these circumstances. *See ACLU v. City of Sarasota*, 859 F. 3d 1337, 1341 (11th Cir. 2017) (internal citations omitted) ("[P]arties have a 'qualified right to jurisdictional discovery,' meaning that a district court abuses its discretion if it completely denies a party jurisdictional discovery, unless that party unduly delayed in propounding discovery or seeking leave to initiate discovery"); *Chudsama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Resolution of a pretrial motion that turns on findings of fact – for example, a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) – may require some limited discovery before a meaningful ruling can be made."); *United Healthcare of Florida, Inc. v. American Renal Associates Holdings, Inc.*, No. 16-81180-CIV-MARRA, 2016 WL 8794534, *2 (S.D. Fla. Dec. 2, 2016) ("Eleventh Circuit precedent indicates that jurisdictional discovery is highly favored before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction.") (collecting cases); *Nutramedics, Inc. v. Blackstone Nutrition, Inc.*, No. 09-81458-CIV-MARRA, 2009 WL 10668148, *2 (S.D. Fla. Dec. 31, 2009) (same); *Gibson v. NCL Bahamas*, No. 11-24343-CIV,

2012 WL 1952670, *3 (S.D. Fla. May 30, 2012) (allowing jurisdictional discovery when the plaintiff did not delay in making the request and finding that "[w]ithout jurisdictional discovery, Plaintiff cannot refute the statements made in the affidavit submitted by Grupo Cacum's legal representative concerning the corporation's lack of contacts with Florida"); *Commercial Indus. Americana v. Academy Roofing & Sheet Metal of Fla., Inc.*, No. 11-60774-CIV-ZLOCH, 2012 WL 13005796, *1 (S.D. Fla. Mar. 29, 2012) ("The Court has ample authority to permit jurisdictional discovery, particularly where a motion to dismiss for lack of personal jurisdiction has been filed."). Therefore, Plaintiff is entitled to obtain limited jurisdictional discovery for the purpose of responding to Defendants' Motion to Dismiss and, for that reason, Defendants' Specific Objections 1, 2, 3 and 5 are overruled.

With that said, the Court's review of the discovery requests reveals that many requests are overly broad and go well beyond jurisdictional discovery, delving into the merits of the lawsuit. Until the matter of Defendants' personal jurisdiction is resolved, the Court will not require Defendants to engage in merits discovery.[3] Based upon the Court's review of the individual discovery requests, responses and objections, it is

**ORDERED AND AJUDGED** as follows:

1. Plaintiff's Motion to Compel, **ECF No. [33]**, is **GRANTED in part** and **DENIED in part**.
2. As to Request Number 1, Defendants' objections are sustained in part and overruled in part. Defendants shall produce any documents and ESI sufficient to identify any of Defendants' dealers that distribute or sell their products into and within the state of Florida from 2014 to the present.

---

[3] In Specific Objection 6, Defendants ask the Court to defer ruling on the pending discovery motion until it rules on their Motion to Dismiss for Lack of Subject Matter Jurisdiction. Given that the latter motion involves a factual issue, the Court will not further delay the ruling on the jurisdictional discovery.

3. As to Request Number 2, Defendants' objections are sustained in part and overruled in part. Defendants shall produce any documents and ESI showing sales, shipments, or deliveries of any of their products to individuals or businesses in the State of Florida from 2014 to the present.

4. As to Request Number 3, Defendants' objections are sustained in part and overruled in part. Defendants shall produce any documents and ESI containing records of sales of Copies, as that term is defined in the Request for Production, within the state of Florida from 2014 to the present.

5. As to Request Numbers 4 and 5, the documents requested are already encompassed within the Court's ruling on Request Number 2. Therefore, these requests are moot.

6. As to Request Number 6, Defendants' objections are sustained in part and overruled in part. Defendants shall produce any documents and ESI concerning sales of any products to HomeGoods or its corporate owners for its Florida stores from 2014 to the present.

7. As to Request Number 7, Defendants' objections are sustained in part and overruled in part. Defendants shall produce any documents and ESI concerning fulfillment of orders placed by HomeGoods or its corporate owners for its Florida stores from 2014 to the present.

8. As to Request Number 8, Defendants' objections are sustained in part and overruled in part. Defendants shall produce any documents and ESI concerning shipment of products to, for, or at the direction of HomeGoods or its corporate owners to its Florida stores from 2014 to the present.

9. As to Request Number 9, Defendants' objections are sustained in part and overruled

in part. Defendants shall produce any documents and ESI concerning orders for products placed by HomeGoods or its corporate owners for its Florida stores from 2014 to the present.

10. As to Request Number 10, Defendants' objections are sustained in part and overruled in part. Defendants shall produce any documents and ESI concerning their exhibition(s) at trade shows in the state of Florida from 2014 to the present.[4]

11. As to Request Number 12,[5] Defendants' objections are sustained in part and overruled in part. Defendants shall produce any documents and ESI between or among Crystal Art of Florida, Inc., Masterpiece Art Gallery, Inc., E2 Concepts, Inc., or Christopher LaFont concerning the advertising, marketing, sale or distribution of any products in the state of Florida from 2014 to the present.

12. As to Request Number 13, Defendants' objections are sustained.

13. As to Request Number 14, Defendants' objections are sustained.

14. As to Request Number 15, Defendants' objections are sustained.

15. As to Request Number 16, Defendants' objections are sustained.

16. As to Request Number 17, Defendants' objections are sustained.

17. As to Request Number 18, Defendants' objections are sustained.

18. As to Request Number 19, Defendants' objections are sustained.

19. As to Request Number 20, Defendants' objections are sustained.

20. Defendants must produce any responsive documents by **December 20, 2017**.[6] In

---

[4] Although Defendants object to the injection of trade show exhibitions into the case, the Court notes that the Defendants' affidavits submitted in support of their Motion to Dismiss specifically reference their lack of participation in trade shows in the state of Florida. *See* ECF No. [16-1] at ¶ 8; ECF No. [16-2] at ¶ 8; ECF No. [16-3] at ¶ 8. Thus, Defendants have injected this issue into the litigation.

[5] Request Number 11 is not at issue in the Motion as Defendants did not object and fully answered it.

[6] Defendants are only required to produce documents to the extent they exist.

light of this timeline, Plaintiff's Response to Defendants' Motion to Dismiss, **ECF No. [16]**, is due no later than **January 5, 2018**.

21. Defendants' request for an award of attorney's fees and costs is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 7th day of December, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record